**SO ORDERED.**

**SIGNED this 04 day of April, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

IN RE:

**MARINA JAMES DANE,**

      Debtor.                                                        **Case No. 05-02928-8-JRL**

_____

## ORDER

This case came before the court on a motion for the production of documents under Rule 2004, a motion for examination of Algernon L. Butler, III under Rule 2004, a motion to remove a professional, and a motion for denial of the attorney-client privilege filed by the trustee. Also before the court was a motion for the production of documents under Rule 2004 filed by the debtor. On March 13, 2007, the court conducted a hearing on these matters in Wilmington, North Carolina.

## BACKGROUND

On November 14, 2002, Ms. Dane consulted with Algernon L. Butler, III on a one-time basis regarding financial difficulties she was experiencing and the possibility of filing bankruptcy. On April 11, 2005, Ms. Dane filed a chapter 7 bankruptcy petition. At the time the

petition was filed, Ms. Dane was represented by Peter Gemborys. Mr. Gemborys filed a motion to withdraw as debtor's counsel on September 13, 2006, and an order was entered on October 16, 2006 allowing the motion. On October 17, 2006, Allen Murphy filed a notice of appearance as counsel for the debtor. Four months later on February 13, 2007, Mr. Murphy filed a motion to withdraw as debtor's counsel. Ms. Dane's current attorney is Algernon L. Butler, III, who appeared as counsel of record on February 28, 2007.

On February 21, 2007, the trustee conducted a Rule 2004 examination of Ms. Dane. That same day, Ms. Dane signed two authorizations, one pertaining to Mr. Murphy and the other to Mr. Butler. The authorizations allowed the attorneys to release written confidential client information to the trustee and to communicate with the trustee regarding any and all matters concerning Ms. Dane's case. Pursuant to the authorization, Mr. Butler provided the trustee his entire file on Ms. Dane from the November 14, 2002 consultation. The trustee also spoke with Mr. Murphy regarding his former representation of Ms. Dane. On February 28, 2007, Ms. Dane signed a revocation of her authorization, which prohibited any further release of information to the trustee by either attorney.

Three adversary proceedings have been filed within this bankruptcy case. The first was filed on March 2, 2006, by the trustee against Ms. Dane's former husband, Patrick Dane. The complaint sought the turnover of $92,000 in unpaid alimony owed to Ms. Dane by Mr. Dane pursuant to a consent order. On July 5, 2006, the trustee filed a second complaint, this one against Ms. Dane seeking to revoke her discharge. On March 21, 2007, a default judgment was entered in that adversary proceeding, and Ms. Dane's discharge was revoked. On March 13, 2007, the trustee filed another complaint against Ms. Dane, this time including Ashleigh Dane,

Courtney Dane, and Designs by MJD, Inc. as defendants. The complaint alleges that Ms. Dane concealed property before and after filing bankruptcy, and it seeks to recover transfers of money and property made by Ms. Dane to her daughters. The same day the complaint was filed, the court granted the trustee's motion for a temporary restraining order freezing several of the defendants' accounts.

## DISCUSSION

*Motion for Production of Documents under Rule 2004*

The trustee seeks information and documents from Peter K. Gemborys Sr. and Peter K. Gemborys P.C. regarding Ms. Dane. Specially, the trustee requests that Mr. Gemborys produce any documents regarding the acts, conduct, or property or the liabilities and financial condition of Ms. Dane, or any matter which may affect the administration of the debtor's estate. Ms. Dane, through her counsel, originally filed an objection to the production of this information. The debtor's objection was subsequently withdrawn, and she waives her attorney-client privilege as to Mr. Gemborys. Based on the debtor's withdrawal of the objection and her waiver of the attorney-client privilege as to Mr. Gemborys, the trustee's motion for production of documents by Mr. Gemborys under Rule 2004 is allowed.

*Motion for Rule 2004 Examination of Algernon L. Butler, III & Motion for Removal of Professional*

The trustee requests that the court allow him to conduct an examination of Mr. Butler pursuant to Rule 2004 pertaining to the November 14, 2002 consultation between Mr. Butler and Ms. Dane. The trustee also requests that the court remove Mr. Butler as counsel for Ms. Dane. The trustee contends that Mr. Butler is the trustee's key witness in the recently filed adversary

proceeding against Ms. Dane. The trustee also intends to make a criminal referral regarding Ms. Dane's conduct, and Mr. Butler may be a necessary witness in that proceeding as well.

Mr. Butler recalls meeting with Ms. Dane on November 14, 2002. Similar to most of his initial consultations, he would assume it probably lasted about an hour to an hour and a half. Mr. Butler stated that he does not remember more about the meeting as it took place more than four years ago.  He has his notes from that meeting, and those notes have been provided to the trustee. Mr. Butler argues that he should not be removed as counsel because the only things he would testify to are in his notes, and the fact that they are his notes is uncontested.

Rule 3.7 of the Rules of Professional Conduct pertains to lawyers as witnesses. The rule states:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

Rule of Prof'l Conduct R. 3.7.

Based on the evidence, there is insufficient information for the court to determine whether Mr. Butler falls within any of the exceptions of Rule 3.7. The court takes the motion for removal of a professional under advisement. There is a sufficient basis, however, on which to allow a Rule 2004 examination of Mr. Butler by the trustee. Therefore, the trustee's motion to conduct a Rule 2004 examination of Mr. Butler is allowed. After completion of Mr. Butler's examination, the trustee shall provide the court with a copy of the examination transcript. Upon review of the transcript and without further hearing the court will determine whether Mr. Butler may continue as counsel for Ms. Dane.

*Motion for Denial of Attorney-Client Privilege*

Ms. Dane has been represented by three attorneys–Mr. Gemborys, Mr. Murphy, and Mr. Butler. In addition to her representations, Ms. Dane also had a consultation with Mr. Butler in November of 2002, three years prior to her filing bankruptcy. Based on the crime-fraud exception, the trustee seeks to prevent Ms. Dane from asserting her attorney-client privilege as to all counsel. This issue before the court is whether Ms. Dane should be prevented from asserting her attorney-client privilege as to Mr. Murphy and her current representation by Mr. Butler.[1]

The attorney-client privilege protects confidential communications between an attorney and his client. As "the oldest of the privileges for confidential communications known to the common law . . . [i]ts purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interest in the observance of law and administration of justice." Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S. Ct. 677, 682 (1981). Due to the purpose behind this privilege the court seeks to protect it. However, this privilege may be lost, "when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud." United States v. Under Seal (In re Grand Jury Proceedings #5), 401 F.3d 247, 251 (4th Cir. 2005).

The party attempting to use the crime-fraud exception to pierce the attorney-client privilege must make a prima facie showing that the attorney-client communications fall within the exception. Chaudhry v. Gallerizzo, 174 F.3d 394, 403 (4th Cir. 1999). Specifically, the Fourth Circuit held that a party seeking to invoke the crime-fraud exception must make a prima

---

[1] Ms. Dane waived her attorney-client privilege as it pertains to the November 14, 2002 consultation with Mr. Butler and as to her former representation by Mr. Gemborys.

facie showing that:

> (1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud.

Id. The first prong is met by a prima facie showing of evidence that the trier of fact believes would establish the necessary elements of some crime or fraud that was continuing or about to be committed. In re Grand Jury Proceedings #5, 401 F.3d at 251. The second prong is met "with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity." Id.

The client holds the attorney-client privilege, and for that reason "it is the client's knowledge and intentions that are of paramount concern to the application of the crime-fraud exception[.]" United States v. Under Seal (In re Grand Jury Proceedings), 102 F.3d 748, 751 (4th Cir. 1996). The attorney does not need to be aware of the client's illegal intentions, because "it is enough that the communication furthered, or was intended by the client to further, that illegality." Id.

In support of this motion, the trustee alleges the following. During the November 14, 2002 consultation between Ms. Dane and Mr. Butler, Ms. Dane disclosed her ownership in five parcels of real estate. Mr. Butler advised her to sell real estate to reduce her cash flow, and to use her money wisely before filing bankruptcy. That same day, Ms. Dane began making transfers from one bank account to another. Two months later she made a gift of equity in one of the properties to her daughter, Courtney Dane. Almost three years later, Ms. Dane filed bankruptcy on April 11, 2005.

Ms. Dane's bankruptcy schedules listed no real property. At her 341 meeting, she

testified that the only thing she had sold, traded, or given away in the last four years was a horse. Ms. Dane also failed to disclose $92,000 in unpaid alimony she was owed pursuant to a consent order entered in a domestic proceeding between herself and her former husband, Patrick Dane. The trustee filed an adversary proceeding against Mr. Dane to recover the past due alimony as part of the debtor's bankruptcy estate. In his answer, Mr. Dane asserted that Ms. Dane concealed asserts, including current or prior ownership interests in bank accounts, antiques, artwork, stocks and/or investment accounts, and in real property. Specifically, Mr. Dane asserts that Ms. Dane laundered money through an account of Courtney Dane, when Courtney had no control or even knowledge of the account until it was revealed in the domestic litigation. Additionally, Ms. Dane did not disclose her interest in her IRA or in TIAA CREFF accounts on her bankruptcy schedules. She also misstated her income and expenses on her bankruptcy schedules, specifically her rent expense.

In January 2007 Ms. Dane took a trip to Spain. Pursuant to a release signed by Ms. Dane, Mr. Murphy spoke with the trustee regarding that trip. Prior to the trip, Mr. Murphy had filed a motion to extend the time to file all motions, to postpone any deposition and 2004 examination of Ms. Dane, and to continue the final pre-trial conference until February 2007.  The motion provided that Ms. Dane had recently been put on medication to help with her anxiety and depression, but the medication would take six weeks before her symptoms improved.  A letter from Ms. Dane's doctor was attached to the motion. Shortly after the motion was filed,  Ms. Dane took a planned trip to Spain with one of her daughters. Mr. Murphy was not aware of the trip until after Ms. Dane returned.

The debtor disputes that a crime occurred, although she concedes that errors were made

in her bankruptcy petition and since then. If a crime occurred, the alleged crime or alleged fraud happened during the November 2002 consultation with Mr. Butler and/or during Mr. Gemborys' representation of Ms. Dane. The debtor argues that she should not be prevented from asserting her attorney-client privilege as to Mr. Murphy and the current representation of Mr. Butler, as neither were her attorneys at the time of the alleged crime or fraud.

Applying the Fourth Circuit standard to this case, the trustee has not met his burden at this junction. The evidence provided by the trustee does not present a prima facie case that Ms. Dane was continuing her alleged fraud or crime when she met with Mr. Murphy or later when she met with Mr. Butler. The majority of the evidence focuses on Ms. Dane's conduct in the three years leading up to the bankruptcy and at the time her petition was filed. The debtor's trip to Spain is not enough to show that the alleged fraudulent scheme was continuing during Mr. Murphy's representation of Ms. Dane. Furthermore, the trustee offered no evidence to show that the alleged fraud is continuing with the assistance of Ms. Dane's current counsel.

Based on the foregoing, the trustee's motion for denial of attorney-client privilege is denied as to Mr. Murphy[2] and the current representation by Mr. Butler without prejudice.

***Motion for Production of Documents under Rule 2004***

The trustee was provided documents and information in response to a number of Rule 2004 orders that have been issued in this case. The debtor requests that the trustee provide copies of those documents to her counsel. Ms. Dane's current counsel was recently retained, and he is trying to quickly come up to speed in this case. The specific issue before the court relates to the

---

[2] The debtor waived her attorney-client privilege as to any information disclosed by Mr. Murphy to the trustee during their February 2007 conversation.

documents that were provided to the trustee by Bank of America, Wachovia, Smith Barney, Sun Bank, and First Citizens Bank ("Banks").[3] The debtor acknowledged that she may be able to request copies of this information directly from the banks, but that process would be costly and time consuming.

The trustee contends that a Rule 2004 examination is not the proper way to request this information. The documents sought by Ms. Dane should be obtained through discovery within the recently filed adversary proceeding.

The court finds that a Rule 2004 examination is not the appropriate way for the debtor to obtain this information. However, the information sought is critically relevant to the recently filed adversary proceeding and would trigger the mandatory disclosure requirement found in Federal Rule of Civil Procedure 26(a), made applicable to this proceeding by Bankruptcy Rule 7026(a). The rule requires such mandatory disclosures be made within fourteen days after the scheduling conference unless a different time is set by the court. Based on the nature of the documents and the temporary restraining order sought within the adversary proceeding, the court finds that modification of the time schedule for the mandatory disclosure requirement is justified. The trustee shall immediately provide Ms. Dane's counsel with all documents and information provided by the Banks to the trustee in response to the trustee's Rule 2004 examinations.

## CONCLUSION

The trustee's motion for production of documents by Mr. Gemborys under Rule 2004 is ALLOWED. The trustee's motion to conduct a Rule 2004 examination of Mr. Butler is

---

[3] The trustee has agreed to provide DVDs of the Rule 2004 examinations of Ms. Dane and Matthew Dane.

ALLOWED. The court takes the motion for removal of a professional under advisement. Upon review of Mr. Butler's 2004 examination transcript the court will determine whether Mr. Butler may continue as counsel for Ms. Dane. The trustee's motion for denial of attorney-client privilege is DENIED as to Mr. Murphy and the current representation by Mr. Butler without prejudice. The debtor's motion for production of documents by the trustee is ALLOWED, pursuant to Federal Rule of Civil Procedure 26(a) and Bankruptcy Rule 7026(a).

"END OF DOCUMENT"